507 So.2d 2 (1987)
Samuel MILES
v.
DOLESE CONCRETE COMPANY
No. CA 85 1241.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Rehearing Denied May 6, 1987.
Writ Granted July 1, 1987.
Warren D. Ponder, Baton Rouge, for plaintiff-appellant Samuel Miles.
Gerald Walter, Baton Rouge, for defendant-appellee Dolese Concrete Company.
Before LOTTINGER, SHORTESS, CARTER, SAVOIE and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This is a workmen's compensation action in which Samuel Miles, plaintiff-appellant, seeks reestablishment of his benefits from Dolese Concrete Company.
From a judgment dismissing plaintiff's action, he appeals.

FACTS
On March 3, 1981, while in the course and scope of his employment, plaintiff, Samuel Miles was driving a cement truck. He was attempting a curve when the load shifted and the truck overturned causing plaintiff's injuries.
Plaintiff suffered head and rib injuries. The workmen's compensation carrier paid benefits until January, 1983, at $163 per week.

STIPULATIONS
At trial the parties stipulated that an accident did occur involving the plaintiff while he was employed by Dolese Concrete; that the accident did occur in the course and scope of his employment; that subsequent to his accident, he was paid workmen's compensation benefits in accordance with Louisiana Workmen's Compensation Law; that all medical benefits as required by that act were paid from the date of the accident until January of 1983; and that the workmen's compensation rate applicable in this case is $163 per week.
Further, counsel stipulated to all medical reports and agreed that they be introduced in lieu of the appearances of the physicians.
Plaintiff in brief admits that his physical injuries have healed. Plaintiff claims that he has a psychogenic pain disorder, which means that there are no physical findings for such manifestation of pain, but the pain is real to him, as a result of this accident. This pain persists in the head and rib area.

*3 LAW
Mental disabilities are compensable under Louisiana Workmen's Compensation Law. In Victoriana v. Orleans Parish School Board, 346 So.2d 271 (La.App. 4th Cir.1977), the Court held:
[I]t is now our settled jurisprudence that recovery may be had in compensation cases for disability resulting from a mental condition. The condition must be proven, as any other disabling injury, by a preponderance of the evidence, and it must be shown that the disability was casually connected to the work related accident. In such cases the court must proceed with utmost caution and exercise extreme care in view of the nebulous characteristics of the condition, and the possibility of the symptoms being easily feigned; the evidence in these cases should be scrutinized carefully and every precaution taken to guard against unjustified claims. (footnotes omitted).
See also Jordan v. Southern Natural Gas Company, 455 So.2d 1217 (La.App. 2nd Cir.1984); Faucheux v. Hooker Chemical Corporation, 440 So.2d 1377 (La.App. 5th Cir.1983); Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir.1975).
Additionally as pointed out in Victoriana, the trial judge has the duty to evaluate all witnesses, both lay and medical, and in his evaluation, he may accept or reject the opinion expressed by any medical expert, depending upon how impressed he is with qualifications, credibility, and testimony of that expert.

MEDICAL TREATMENTS
Prior to the accident on March 3, 1981, plaintiff gave medical histories to numerous doctors of being in good health. In reality, plaintiff was having problems with a degenerative arthritic condition that was diagnosed on September 15, 1980, and had been getting worse. Plaintiff has had hypertension for over 15 years which is now medically controlled.
Since the accident, plaintiff claims that his head and rib injuries have prevented him from returning to work. However, plaintiff admits that his physical injuries from the accident have healed and he has been discharged by the doctor. Plaintiff did not claim aggravation of a preexisting conditions.
Dr. Richard Morse saw plaintiff for a psychological examination. Plaintiff told Dr. Morse the head and rib pains were not present prior to the accident. After considering this information in conjunction with the medical reports of previous visits to other doctors, where objective findings were negative, Dr. Morse concluded plaintiff was suffering from a psychogenic pain disorder. Dr. Morse was of the opinion that plaintiff could not drive a cement truck again, but would benefit from the entire activity program of movement, group, occupational, physical, and relaxation therapies. Dr. Morse was of the further opinion that plaintiff's rib pain could be a disuse syndrome, and that the degenerative arthritic condition may add to the pain syndrome. Lastly, Dr. Morse concluded that plaintiff had a depression problem.
Appellant saw Dr. Tommy T. Stigall for another psychological analysis on April 3 and 4, 1985. Dr. Stigall also diagnosed psychogenic pain disorder and based his diagnosis on what plaintiff stated as his medical history. Prior to this visit, plaintiff had an operation for a bilateral hernia, and the pain in his joint areas have worsened due to his arthritic condition.
Dr. Stigall gave appellant the Minnesota Multiphasic Personality Inventory (MMPI) test, and the interpretation of the results lead to the diagnosis of the disorder. In his opinion, Dr. Stigal felt that there were predisposing features or characteristics that would likely have been present prior to the time that plaintiff began to demonstrate the full symptomatology of this syndrome. Dr. Stigall stated that this disorder lends one an outlet to relieve stress and emotional difficulty in the form of physical pain.
On examination, plaintiff denied any emotional problems, but the MMPI results indicated otherwise. Plaintiff stated concerns over family and finances such that he would awake at night. Dr. Stigall noted that plaintiff has an employer/employee problem in dealing with superiors. These things along with his hypertension, hernia operation and degenerative arthritis, seem to lend credence to the diagnosis that plaintiff actually feels the pain in his head and ribs as complained due to this mental disorder.
The trial judge has not favored us with detailed reasons for judgment. In dismissing plaintiff's suit, the trial judge obviously concluded that plaintiff had a mental problem, but that this problem was caused by plaintiff's own personal problems as well *4 as his physical difficulties not related to this accident. The record supports this conclusion, and we conclude the trial judge was not manifestly erroneous or clearly wrong in dismissing plaintiff's suit.
Therefore, the judgment is affirmed at plaintiff-appellant's costs.
AFFIRMED.
SHORTESS, J., dissents and will assign reasons.
CARTER, J., dissents for reasons assigned by SHORTESS, J.
SHORTESS, J., dissenting.
In affirming the decision of the trial court, the majority says:
The trial judge has not favored us with detailed reasons for judgment. In dismissing plaintiff's suit, the trial judge obviously concluded that plaintiff had a mental problem, but that this problem was caused by plaintiff's own personal problems as well as his physical difficulties not related to this accident. The record supports this conclusion, and we conclude the trial judge was not manifestly erroneous or clearly wrong in dismissing plaintiff's suit.
This holding overlooks the expert witness testimony of Dr. Richard Morse, psychiatrist, and Dr. Tommy Stigall, clinical psychologist.
Dr. Morse believed that, since there was no history of a similar problem in plaintiff's past nor any intervening injury or disease, there was sufficient connection between the pain and the trauma for him to conclude that plaintiff's ongoing pain (psychogenic pain disorder) was related to the accident.
Dr. Stigall testified that, given plaintiff's history and the onset of symptoms, the accident "seems a reasonable, plausible event which is related to the symptoms the pain syndrome."
I believe that plaintiff has shown by a preponderance of evidence that he is presently disabled from a psychogenic pain disorder caused by this work-related accident, and I would award worker's compensation benefits.
ACCORDINGLY, I DISSENT.